```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

VALERYA McGRIFF                  :    CIVIL ACTION
                                 :
         v.                      :
                                 :
COMMONWEALTH OF PENNSYLVANIA     :
DEPARTMENT OF PUBLIC WELFARE     :    NO. 12-2967
```

MEMORANDUM

Bartle, J.                                        June 5, 2012

     Plaintiff Valerya McGriff brings this action pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et. seq., against the Commonwealth of Pennsylvania and the Pennsylvania Department of Public Welfare.[1] She seeks to proceed in forma pauperis. For the following reasons, the court will grant plaintiff leave to proceed in forma pauperis and dismiss her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

I.

     According to the complaint, plaintiff was formerly employed by the Pennsylvania Department of Public Welfare in the Ridge District. On April 7, 2007, she was "injured on a bus on [her] way home from work." (Compl. at 3, ¶ E.) As a result, she "requested a hardship transfer to a closer district in walking distance [presumably from her home]." (Id.) The defendants

---

1. It is unclear whether plaintiff intended to sue the Commonwealth and the Pennsylvania Department of Public Welfare or whether she only intended to sue the Department of Public Welfare, identified in the caption as "Commonwealth of Pa Dept of Public Welfare." Accordingly, the court will proceed on the assumption that she intended to name both defendants.

rejected her request based on their apparent conclusion that plaintiff's injuries were insufficiently serious to justify a transfer.

In November 2007, plaintiff filed a charge with the Equal Employment Opportunity Commission alleging that the defendants failed to reasonably accommodate her disability. She allegedly received a right to sue letter on March 1, 2012.[2] This lawsuit followed. Although plaintiff's motion to proceed in forma pauperis reflects that she was laid off in 2011, her claims appear to be predicated solely upon the fact that her former employer failed to grant her a transfer as requested.

II.

The court grants plaintiff leave to proceed in forma pauperis because she has satisfied the criteria set forth in 28 U.S.C. § 1915. Accordingly, 28 U.S.C. § 1915(e)(2)(B) applies. That provision requires the court to dismiss the complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune. Whether a complaint fails to state a claim under § 1915(e) is governed by the same standard applicable to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). The court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is

---

2. Plaintiff failed to attach a copy of the right to sue letter to her complaint.

plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted).  As plaintiff is proceeding pro se, the court must construe her allegations liberally.  Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011).  However, even a pro se plaintiff must recite more than "labels and conclusions" to state a claim.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Ray v. First Nat'l Bank of Omaha, 413 F. App'x 427, 429-30 (3d Cir. 2011) (per curiam).

### III.

The Supreme Court has held that Congress did not validly abrogate the states' Eleventh Amendment sovereign immunity in Title I of the Americans with Disabilities Act with respect to suits for money damages by private individuals.  See Bd. of Trs. of Univ. of Ala. v. Garrett, 531 U.S. 356, 374 (2001).  Although a plaintiff may still seek prospective injunctive relief against state officials, she may not sue the state or its agencies directly.  See id. at 374 n.9; Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146 (1993).  Thus, plaintiff's ADA claim against the Commonwealth and the Pennsylvania Department of Public Welfare, which is an arm of the Commonwealth, must be dismissed because those defendants are entitled to sovereign immunity.  See Lombardo v. Pa. Dep't of Pub. Welfare, 540 F.3d 190, 192 (3d Cir. 2008); Merriweather ex rel. Walker v. City of Phila., Civ. A. No. 07-1005, 2007 WL 1463304, at *4 (E.D. Pa. May 17, 2007).  Although it appears that plaintiff is not bringing a claim pursuant to the Pennsylvania

Human Relations Act, to the extent that she is, that claim is also barred by the defendants' Eleventh Amendment immunity. See Patterson v. Pa. Office of Inspector Gen., 243 F. App'x 695 (3d Cir. 2007) (per curiam); Moore v. Pa. Dep't of Military & Veterans Affairs, 216 F. Supp. 2d 446, 454 (E.D. Pa. 2002).

A pro se plaintiff should be given an opportunity to file an amended complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). Here, amendment would be futile because the defendants are clearly entitled to immunity from plaintiff's claims. As plaintiff cannot cure the deficiencies in her complaint, she will not be given an opportunity to file an amended complaint.

IV.

For the foregoing reasons, the complaint will be dismissed with prejudice. As the court has concluded that there is no merit to plaintiff's claims, her motion for appointment of counsel will be denied. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).